## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**TIMOTHY JAMES SCHULTZ**                                   **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 3:17CV287 CWR-LRA**

**WARDEN M. MARTIN[1]**                                   **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Timothy Schultz's petition for habeas relief under 28 U.S.C. §

2241.  Schultz is incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City,

Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the

legality of his sentence imposed by the United States District Court for the District of

Minnesota.  Because sentencing challenges do not fall within the scope of the savings clause

of § 2255(e), the undersigned recommends that the petition be dismissed for lack of

jurisdiction.

Schultz was convicted in 2003 by a jury of conspiring to distribute methamphetamine

in violation of 21 U.S.C. § 841(b)(1)(A) and 846, and possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B).  He was sentenced to a term of

480 months imprisonment and 5 years of supervised release.  A direct appeal and post-

conviction motions challenging his conviction and sentence were subsequently denied.  *See*

*United States v. Schultz*, 411 F.3d 878 (8th Cir. 2005) (affirming conviction and sentence);

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. § 2242-2243.  At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo.  Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

*United States v. Schultz*, No. 06-CV-0520-JMR (D. Minn. Sept. 26, 2007) (denying § 2255

motion to vacate).  He now seeks relief under § 2241 via the savings clause of § 2255 (e).

Schultz, relying on *Molina-Martinez v. United States*, 136 S. Ct. 1338, 194 L. Ed. 2d 444

(2016), primarily argues that the sentencing court erroneously applied the guideline

enhancements for possession of a firearm and for being a leader/organizer.  This argument

was considered and rejected by the Eighth Circuit on direct appeal.  *Schultz*, 411 F.3d at 890

("[W]e note that Schultz's sentence falls within the applicable guidelines range of 360

months to life in prison. We also note that the nature and circumstances of his offense and

the need for the sentence imposed to reflect the seriousness of his offense, afford adequate

deterrence to criminal conduct, and to protect the public from further crimes of the defendant

all support the sentence he received.").  He also argued that 2255(e) was applicable because

the enhancements were imposed without a jury finding, and the indictment failed to give fair

warning of all charges to be tried.[2]

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but

the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing

*Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).  A § 2255 petition is "the primary means

of collaterally attacking a federal sentence," and is properly brought in the district of

conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is

executed" and is properly brought in the district of incarceration.  *Robinson v. United States*,

812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted).  However, if a

prisoner can show that the § 2255 remedy would be "'inadequate or ineffective to test the

---

[2] ECF No.  12-2, pp. 11-14.

legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255 (e). *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. No such showing has been made here.

Schultz has not satisfied the first prong. He has not identified a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. Contrary to his assertions, *Molina-Martinez* has no effect on whether he was convicted of nonexistent drug offenses. *See e.g., Avila v. United States*, No. 7:16-CV-700, 2017 WL 2391224, at *1 (S.D. Tex. Apr. 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review").

Shultz's challenge is to the validity of his sentencing enhancements. However, the Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Vallery v. Johnson*, 777 F. App'x 753 (5th Cir. 2019); *see also In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"). Although Petitioner's post-conviction challenges have been unsuccessful, he cannot rely on § 2241 to

3

avoid the procedural bars of § 2255.  Neither a prior unsuccessful § 2255 motion, nor the inability to meet AEDPA's second or successive requirement, renders § 2255 inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Because Petitioner fails to make the requisite showing to bring his claims within the savings clause of 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction for the reasons stated.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 29, 2020.


_____ s/ Linda R. Anderson _____
UNITED STATES MAGISTRATE JUDGE